UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>D. WOODWARD, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00626-DAD-SKO (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIMS FOUND COGNIZABLE**<br><br>(Doc. 15)<br><br>21-DAY DEADLINE |

Plaintiff James Brown alleges the defendants subjected him to cruel and unusual punishment and retaliation. (Doc. 15.) The Court finds that Plaintiff states cognizable claims of deliberate indifference against Defendants Woodward and Lopez, as well as cognizable claims of excessive force and retaliation against Defendant Woodward. Plaintiff's claims against the remaining defendants are not cognizable, and Plaintiff may not seek expungement of his rules violation report because it would affect the length of his incarceration. *See Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). Accordingly, the Court orders Plaintiff to file a second amended complaint curing the deficiencies identified in this order or, in the alternative, notify the Court that he wishes to proceed only on the claims found cognizable against Defendants Woodward and Lopez.

///

# I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

# II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled,"

2

*Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III. DISCUSSION

### A. Plaintiff's Allegations[1]

Plaintiff names as defendants Correctional Officers Woodward, Preez, and Villareal; Correctional Sergeants Lopez, Burnes, and Harris; Licensed Vocational Nurse Sellers; Correctional Counselor Ceballos; Chief Deputy Wardens Campbell and Perez; Associate Warden Clesmiak; CDCR Secretary Diaz; and John Doe, CCPOA Union Representative. (Doc. 15 at 2-3, 4.) Plaintiff alleges that, on August 27, 2019, Correctional Officers Woodward and Preez escorted him to back to his cell following a building search. (*Id.* at 5.) After Plaintiff entered his cell and the door closed behind him, Plaintiff placed his hands outside the "trayslot" to allow an officer to remove the handcuffs on his wrists, per prison procedure. (*Id.* at 6.) Woodward used wire cutters to remove the plastic restraints and "punctur[ed]" Plaintiff's wrist. (*Id.*) Plaintiff yelled that

---

[1] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

3

Woodward had cut him, but "Woodward smiled" and said he "'just pinched' him." (*Id.*) Plaintiff noticed blood running down his wrist and onto the floor. (*Id.*) He asked Woodward for medical attention, but "Woodward continued smiling, walking away from his cell." (*Id.*)

"Staff" then informed Correctional Officer Villareal of Plaintiff's injury. (*Id.* at 7.) Plaintiff showed Villareal his wrist and the blood on the floor and demanded to speak to a sergeant. (*Id.*) Correctional Sergeant Lopez responded and said Plaintiff needed medical attention. (*Id.*) Plaintiff then observed Lopez speaking with Woodward and Correctional Sergeant Harris. (*Id.*) Ten minutes later, Lopez returned to Plaintiff's cell and said that she had spoken with a nurse, who would come by shortly. (*Id.*) Plaintiff replied that he had not seen Lopez speak with a nurse, and he informed Lopez that he believed Woodward had cut him purposefully. (*Id.* at 7-8.)

Later, Plaintiff informed Villareal that he was still bleeding and needed medical care. (*Id.* at 8.) Villareal responded that she had already informed Lopez, and she later told Plaintiff to "stop crying like a baby, and go sit down somewhere." (*Id.*) After a shift change, Plaintiff lied to Correctional Officer Xiong, "claiming he was 'suicidal,'" to elicit medical attention. (*Id.*) Licensed Vocational Nurse Sellers arrived minutes later and treated Plaintiff's wound. (*Id.* at 9.) Plaintiff informed Sellers of the incident and Lopez's claim that she had notified the "2nd watch nurse about it," but Sellers responded that she had worked "both shifts" and was not informed of Plaintiff's injuries. (*Id.*) Sellers stated that she completed a "CDCR 7219 Medical Report of Injury," but she did not. (*Id.*)

On August 28, 2019, Plaintiff informed Correctional Sergeant Burnes about the incident. (*Id.*) The next day, Plaintiff asked Burnes about the status of an excessive force investigation. (*Id.*) Burnes responded that "there was no need for one." (*Id.*)

Plaintiff filed administrative grievances regarding the incident. (*Id.* at 10, 11, 13.) Woodward then began to subject Plaintiff to "multiple shower, yard access deprivations, and retaliatory attacks with Rules Violation Reports." (*Id.* at 13.)

Based on the above, Plaintiff alleges that Defendants subjected him to excessive force and retaliation. (*Id.* at 3, 12.) The Court also finds that Plaintiff states a viable claim of deliberate indifference to serious medical needs.

**B. Claims for Relief**

    1. <u>Excessive Force under the Eighth Amendment</u>

"[T]he unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328 (1986) (internal quotation marks and citation omitted). As courts have observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm" and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). "[W]henever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, "significant" or "serious" injury is not necessary to state a claim for relief. *See id.* at 7-10.

Plaintiff states a cognizable claim of excessive force against Defendant Woodward. Plaintiff alleges that Woodward intentionally cut his wrist when removing his plastic restraints. (Doc. 15 at 6.) If true, such force was clearly not intended to maintain security but to cause harm. *See Hoard*, 904 F.3d at 788. Moreover, Plaintiff's injury was not *de minimis*; thus, whether the injury was serious or significant is irrelevant. *See Hudson*, 503 U.S. at 9-10.

Plaintiff, however, fails to link the remaining defendants to his claim. Although Plaintiff's allegations show that Preez, Villareal, Lopez, Sellers, and Harris were present just before, during, or after Woodward cut his wrist (*see* Doc. 15 at 5-9), Plaintiff does not provide facts that show these defendants' actions or failures to act caused the Eighth Amendment violation he allegedly

5

suffered. *See Johnson*, 588 F.2d at 743. For example, Plaintiff alleges that Nurse Sellers failed to complete a medical report (*see id.* at 9, 10), but this allegation is irrelevant to Plaintiff's claim of excessive force. As stated in section II.B, *supra*, a defendant is only liable if her actions or failures to act caused the constitutional deprivation of which Plaintiff complains. *See Johnson*, 588 F.2d at 743. Here, that claim is excessive force under the Eighth Amendment. (Doc. 15 at 3.)

Plaintiff appears to name Harris, Burnes, Ceballos, Campbell, Perez, Clesmiak, and Diaz as defendants solely because they hold supervisory positions. However, section 1983 does not impose liability on a supervisor simply because her subordinate has violated Plaintiff's rights. *See Iqbal*, 556 U.S. at 676-77. To impose liability, Plaintiff must allege specific misdeeds that each defendant committed, rather than the misdeeds of those he or she supervised. *See id.* References to memoranda that address use of force generally, or congressional hearings regarding use of force, (*see* Doc. 15 at 4, 11, 13), are insufficient to show that every defendant in this case caused Plaintiff to suffer excessive force.

To establish supervisory liability, Plaintiff must allege facts that show that a supervisor was on notice of a pattern or practice of constitutional violations, such that his or her actions or failures to act constituted approval or acquiescence to such pattern or practice. *See Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011); *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011); *Henry v. Cty. of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997). Plaintiff's allegations fail to meet this standard. Plaintiff alleges that prison officials "continue[] to practice an unofficial policy of liability avoidance, covering-up guards abuse of force against inmates by failing to report and investigate injuries caused and retaliation against grievants, conducting counterfeit and untimely investigations." (Doc. 15 at 5.) He also alleges that Secretary Diaz "acquiesce[d]" to such unofficial policy when prison officials rejected his administrative grievances. (*See id.* at 10.) However, such conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678. The only facts that Plaintiff alleges concern his own experience, where he allegedly suffered excessive force on one occasion. Such allegations are insufficient to show a pattern, practice, or "unofficial policy" of excessive force.

To the extent that Plaintiff challenges the procedures for investigating his staff complaint, the Court notes that Plaintiff does not have a constitutional right to specific inmate grievance procedures. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Thus, Plaintiff's allegation that Defendant Harris' investigation of his complaint constituted a "conflict of interest" (Doc. 15 at 7) is not a cognizable claim.

### 2. Deliberate Indifference to Serious Medical Needs

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care…." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference to medical need is thus two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish such a claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

7

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

For screening purposes, the Court finds that Plaintiff's injury to his wrist satisfies the first, objective prong. Plaintiff alleges that his injury caused him to bleed to the ground and that Sergeant Lopez agreed that he required medical attention. (*See* Doc. 1 at 6-7). Thus, a reasonable patient would find the injury worthy of comment or treatment. *See Colwell*, 763 F.3d at 1066.

The Court further finds that Plaintiff's allegations satisfy the second, subjective prong with respect to Defendants Woodward and Lopez. According to Plaintiff, after Woodward cut his wrist and he started bleeding, Plaintiff yelled that he required medical attention, but Woodward simply smiled and walked away. (Doc. 15 at 6.) Plaintiff also alleges that, after showing Lopez his injury, Lopez failed to call for medical assistance, despite saying that she would do so. (*Id.* at 7, 9.) Leniently construed, *see Hebbe*, 627 F.3d at 342, Plaintiff's allegations show that Woodward and Lopez knew of a risk of serious harm to Plaintiff and failed to take any measures to abate that risk. *See Farmer*, 511 U.S. at 847. Plaintiff thus states cognizable deliberate indifference claims against Officer Woodward and Sergeant Lopez. He does not state cognizable claims against the remaining defendants.

3. Retaliation

A claim for retaliation has five elements. *Watson v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing

an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff states a cognizable retaliation claim against Officer Woodward. Plaintiff alleges that he filed an administrative grievance against Woodward and, in retaliation, Woodward subjected him to "multiple shower, yard access deprivations, and retaliatory attacks with Rules Violation Reports." (Doc. 15 at 13.) Thus, Plaintiff's allegations show that Woodward took adverse actions against him for his engagement in protected conduct. *Rhodes*, 408 F.3d at 567. For the same reasons provided in section III.B.1, *supra*, Plaintiff does not state cognizable retaliation claims against the remaining defendants.

### C. Plaintiff's Requested Remedies

Plaintiff seeks damages and the expungement of the rules violation report (RVR) against him. (Doc. 15 at 14.) Plaintiff states that the "RVR resulted in the loss of good time credit affecting his release date." (*Id.* at 13.)

Section 1983 allows for Plaintiff to recover damages. *See* 42 U.S.C. § 1983. However, Plaintiff may not seek expungement of his RVR or restoration of lost good-time credits, since this would "render invalid a[n] … administrative sanction that affect[s] the length of [his] confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, … his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In other words, since, as

9

Plaintiff states, expungement of his RVR would decrease the length of his imprisonment, Plaintiff may not seek relief under section 1983 until the disciplinary conviction has been invalidated by a writ of *habeas corpus*. *See Ramirez*, 334 F.3d at 856; *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

## IV.     CONCLUSION AND ORDER

For the reasons set forth above, the Court grants Plaintiff leave to amend his complaint. **Within 21 days** of the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified herein or, in the alternative, file a notice that that he wishes to proceed only on the claims found cognizable against Woodward and Lopez and to dismiss the remaining defendants and his request for expungement. If Plaintiff no longer wishes to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of time to comply with this order, he shall file a motion seeking an extension **no later than 21 days** from the date of service of this order.

Plaintiff is informed that an amended complaint supersedes the original complaint and prior amendments. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit by adding unrelated claims in an amended complaint.

Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a second amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,
3. **Within 21 days** of the date of service of this order, Plaintiff must file **one of the following three items**:
    a. a second amended complaint curing the deficiencies identified in this order, or
    b. a notice that he does not wish to file a second amended complaint and instead wishes to (1) proceed only on his excessive force and retaliation claims against Defendant Woodward and his deliberate indifference claims against

Defendants Woodward and Lopez, (2) dismiss all remaining defendants, and

(3) dismiss his request for expungement of his rules violation report, or

   c. a notice of voluntary dismissal of this entire case.

**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**

IT IS SO ORDERED.

Dated:   **May 22, 2020**                       /s/ *Sheila K. Oberto*  
                                                    UNITED STATES MAGISTRATE JUDGE