UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BROWN,<br><br>              Plaintiff,<br><br>       v.<br><br>D. WOODWARD, et al.,<br><br>              Defendants. | Case No. 1:19-cv-00626-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS AND DEFENDANTS**<br><br>(Doc. 21)<br><br>21-DAY DEADLINE |

Plaintiff James Brown alleges the defendants subjected him to cruel and unusual punishment and retaliation. (Doc. 21.) The Court finds that Plaintiff's second amended complaint states cognizable claims of deliberate indifference, excessive force, and retaliation against Defendant Woodward and a cognizable claim of deliberate indifference against Defendant Lopez. Plaintiff's remaining claims are not cognizable. Given that Plaintiff has received two opportunities to amend his complaint (Docs. 9, 18), the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Therefore, the Court recommends that the remaining defendants and claims be dismissed.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.  PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to

2

state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III. PLAINTIFF'S ALLEGATIONS[1]

Plaintiff's claims stem from incidents at California State Prison, Corcoran. (Doc. 21 at 1.) Plaintiff names as defendants Correctional Officers Woodward, Preez, and Villareal; Correctional Sergeants Lopez, Burnes, and Harris; Licensed Vocational Nurse Sellers; Correctional Counselor Ceballos; Chief Deputy Wardens Campbell and Perez; Associate Warden Clesmiak; CDCR Secretary Diaz; and John Doe, CCPOA Union Representative. (*Id.* at 3-4.)

On August 27, 2018, Correctional Officers Woodward and Preez escorted Plaintiff back to his cell following a building search. (*Id.* at 8.) After Plaintiff entered his cell and the door closed behind him, Plaintiff placed his hands outside the "tray-slot" to allow an officer to remove the handcuffs from his wrists, per prison procedure. (*Id.*) Woodward used wire cutters to remove the plastic restraints and "punctur[ed]" Plaintiff's wrist. (*Id.*) Plaintiff yelled that Woodward had cut him, but "Woodward smiled at him," saying it was "'just a pinch.'" (*Id.*) Plaintiff "noticed blood running down his wrist and onto the cell floor." (*Id.* at 8-9.) He asked Woodward for medical attention, but "Woodward continued smiling, walking away from his cell." (*Id.* at 9.)

///

---

[1] For screening purposes, the Court accepts Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678.

3

"Staff" informed Correctional Officer Villareal of Plaintiff's injury. (*Id.*) Plaintiff showed Villareal his wrist and the blood on the floor, and he demanded medical attention and to speak to a sergeant. (*Id.*) Correctional Sergeant Lopez responded, saw Plaintiff's injury, and agreed that he needed medical attention. (*Id.*) Plaintiff then observed Lopez speaking with Woodward and Correctional Sergeant Harris. (*Id.*) Ten minutes later, Lopez returned to Plaintiff's cell and said that she had spoken with a nurse, who would come by shortly. (*Id.* at 9-10.) Plaintiff replied that he had not seen Lopez speak with a nurse, and he informed Lopez that he believed Woodward had cut him intentionally. (*Id.* at 10.) Later, Plaintiff informed Villareal that he was still bleeding and needed medical care. (*Id.*) Villareal responded that she had already informed Lopez, and she later told Plaintiff, "'stop crying like a baby, and go sit down somewhere.'" (*Id.* at 10-11.)

After a shift change, Plaintiff lied to Correctional Officer Xiong, "claiming he was 'suicidal,'" to elicit medical attention. (*Id.* at 11.) Licensed Vocational Nurse Sellers arrived minutes later and treated Plaintiff's wound. (*Id.* at 11-12.) Plaintiff informed Sellers of the incident and Lopez's claim that she had notified the "2nd watch nurse about it," but Sellers responded that she had "worked both shifts" and was not informed of Plaintiff's injuries. (*Id.* at 11.) Sellers stated that she completed a "CDCR 7219 Medical Report of Injury," though she did not. (*Id.* at 12, 13.)

On August 28, 2018, Plaintiff informed Correctional Sergeant Burnes about the incident. (*Id.* at 12.) The next day, Plaintiff asked Burnes about the status of an excessive force investigation. (*Id.*) Burnes responded that "'there was no need for one.'" (*Id.*)

Plaintiff filed an administrative grievance regarding the incident. (*Id.* at 12, 14.) Woodward then began to subject Plaintiff to "multiple shower, yard access deprivations, and retaliatory attacks with Rules Violation Reports." (*Id.* at 14.)

**IV.   DISCUSSION**

   **A. Excessive Force and Supervisory Liability**

"[T]he unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 328 (1986) (internal quotation marks and citation omitted). As courts have observed, "[p]ersons are

4

1  sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D.
2  Iowa) (internal quotation marks and citations omitted).

3        A correctional officer engages in excessive force in violation of the Cruel and Unusual
4  Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances,
5  and (2) "harms an inmate for the very purpose of causing harm" and not "as part of a good-faith
6  effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). "[W]henever
7  prison officials stand accused of using excessive physical force …, the core judicial inquiry is …
8  whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously
9  and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). In making this
10 determination, courts may consider "the need for application of force, the relationship between
11 that need and the amount of force used, the threat reasonably perceived by the responsible
12 officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may
13 also consider the extent of the injury suffered by the prisoner. *Id.* However, "significant" or
14 "serious" injury is not necessary to state a claim for relief. *See id.* at 7-10.

15       Plaintiff states a cognizable claim of excessive force against Defendant Woodward.
16 Plaintiff alleges that Woodward intentionally cut his wrist when removing his plastic restraints.
17 (Doc. 21 at 8.) If true, such use of force was not intended to maintain security but to cause harm.
18 In addition, Plaintiff's injury was more than *de minimis*; whether it was "serious" is not
19 determinative. *See Hudson*, 503 U.S. at 9-10.

20       Plaintiff fails to link the remaining defendants to his claim. Although Plaintiff's
21 allegations show that Preez, Villareal, Lopez, Sellers, and Harris were present just before, during,
22 or after Woodward cut his wrist, Plaintiff does not provide any facts that show these defendants'
23 actions or failures to act caused the Eighth Amendment violation he allegedly suffered. For
24 example, Plaintiff alleges that Preez escorted him to his cell and that Sellers failed to complete a
25 CDCR Medical Report of Injury. (Doc. 21 at 8, 12, 13). However, these allegations are not
26 pertinent to Plaintiff's claim of excessive force. As stated in section II.B, *supra*, a defendant is
27 only liable if his actions or failures to act caused the constitutional deprivation of which the
28 plaintiff complains. *See Johnson*, 588 F.2d at 743.

1       Plaintiff appears to name Burnes, Harris, Ceballos, Campbell, Perez, Clesmiak, and Diaz
2  as defendants solely because they hold supervisory positions. However, section 1983 does not
3  impose liability on a supervisor simply because her subordinate has violated Plaintiff's rights. *See*
4  *Iqbal*, 556 U.S. at 676-77. To impose liability, Plaintiff must allege specific misdeeds that each
5  defendant committed, rather than the misdeeds of those she supervised. *See id.* Plaintiff's
6  references to memoranda that address use of force generally, a "remedial plan" regarding prison
7  conditions at Pelican Bay State Prison, and a congressional hearing regarding use of force, (Doc.
8  21 at 5-7, 13), are insufficient to show that each defendant in this case caused Plaintiff to suffer
9  excessive force.

10       Plaintiff may also establish supervisory liability by alleging facts that show that a
11 supervisor was on notice of a pattern or practice of constitutional violations, such that her actions
12 or failures to act constituted approval or acquiescence to such pattern or practice. *See Hunter v.*
13 *Cty. of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011); *Starr v. Baca*, 652 F.3d 1202, 1205 (9th
14 Cir. 2011); *Henry v. Cty. of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997). Plaintiff's allegations fail
15 to make this showing. Plaintiff alleges that prison officials "continue[] to practice an unofficial
16 policy of liability avoidance, covering-up guards [sic] abuse of force against inmates by failing to
17 report and investigate injuries caused and retaliation against grievants, conducting counterfeit and
18 untimely investigations." (Doc. 21 at 6.) He also alleges that Secretary Diaz "acquiesce[d]" to
19 such unofficial policy because prison officials rejected his administrative grievance. (*See id.* at
20 12-13.) These statements are conclusory and lack any factual support; thus, they are insufficient
21 to state a cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678.

22       The only *factual* allegations that Plaintiff provides concern the one incident of alleged
23 excessive force described above. This is insufficient to show a pattern, practice, or "unofficial
24 policy" of excessive force. Furthermore, to the extent that Plaintiff's supervisory claims are based
25 on the denial of or the procedures for investigating his administrative grievance, the Court notes
26 that Plaintiff does not have a constitutional right to specific inmate grievance procedures. *Ramirez*
27 *v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).
28 ///

**B. Deliberate Indifference to Serious Medical Needs**

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference to medical need is thus two-pronged and has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish such a claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a

7

1 purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm
2 caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not
3 show his harm was substantial; however, such would provide additional support for the inmate's
4 claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091,
5 1096 (9th Cir. 2006) (citation omitted).

6 For screening purposes, Plaintiff's wrist injury satisfies the first, objective prong. Plaintiff
7 alleges that his injury caused him to bleed to the ground and that he and Sergeant Lopez agreed
8 that it required medical attention. (Doc. 21 at 8-9). Thus, a reasonable patient would find that the
9 injury is important and worthy of treatment. *See Colwell*, 763 F.3d at 1066.

10 Plaintiff's allegations satisfy the second, subjective prong with respect to Defendants
11 Woodward and Lopez. According to Plaintiff, after Woodward cut his wrist and he started
12 bleeding, Plaintiff yelled that he required medical attention, but Woodward simply smiled and
13 walked away. (Doc. 21 at 8-9.) Plaintiff also alleges that, after showing Lopez his injury, Lopez
14 failed to call for medical assistance, despite saying that she would do so. (*Id.* at 9-11.) Leniently
15 construed, *see Hebbe*, 627 F.3d at 342, Plaintiff's allegations show that Woodward and Lopez
16 knew of a risk of serious harm to Plaintiff and failed to take measures to abate that risk. Plaintiff
17 thus states cognizable deliberate indifference claims against Officer Woodward and Sergeant
18 Lopez. He does not state a cognizable claim against the remaining defendants.

19 **C. Retaliation**

20 A claim of First Amendment retaliation has five elements. *Watison v. Carter*, 668 F.3d
21 1108, 1114 (9th Cir. 2012). First, a plaintiff must allege that he engaged in protected activity. *Id.*
22 For example, filing an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th
23 Cir. 2005), as is the right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see*
24 *also Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that
25 the defendant took adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted).
26 "Third, the plaintiff must allege a causal connection between the adverse action and the protected
27 conduct." *Id.* In other words, the plaintiff must claim the defendant subjected him to an adverse
28 action *because of* his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the

plaintiff must allege that the official's acts would chill or silence a person of ordinary firmness from future [protected] activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

Plaintiff states a cognizable retaliation claim against Officer Woodward. Plaintiff alleges that he filed an administrative grievance and requested an investigation regarding Woodward's alleged use of excessive force. (Doc. 21 at 14.) He states that, in response, Woodward subjected him to "multiple shower, yard access deprivations, and retaliatory attacks with Rules Violation Reports." (*Id.*) These allegations show that Woodward took adverse actions against Plaintiff because of his engagement in protected activity. Plaintiff does not state whether these actions would chill or silence an ordinary person; however, he alleges that he was harmed, and "harm that is more than minimal will almost always have a chilling effect." *Rhodes*, 408 F.3d at 562. Plaintiff does not state a cognizable retaliation claim against the remaining defendants.

**D. Conspiracy**

To state a conspiracy claim under section 1983, a plaintiff "'must show an agreement or "meeting of the minds" to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citation omitted), and an "'actual deprivation of … constitutional rights result[ing] from the alleged conspiracy.'" *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (citation omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (internal quotation marks and citation omitted).

Plaintiff's allegations fail to show that Defendants engaged in a conspiracy to violate his constitutional rights. Plaintiff does not allege facts "showing or suggesting an agreement or a meeting of the minds to violate [his] … rights." *Avery v. Virga*, No. 2:11-cv-01945-DAD, 2013 WL 4523517, at *4 (E.D. Cal. 2013). His allegations regarding Defendants' alleged retaliation, deliberate indifference, and use of excessive force are insufficient to show that they shared a common objective of denying his First or Eight Amendment rights. As with his claim of

9

1  supervisory liability, *see* section IV.A, *supra*, Plaintiff's references to memoranda, a "remedial
2  plan," and a congressional hearing regarding use of force, (Doc. 21 at 5-7, 13), fail to show that
3  the defendants in *this* case conspired to violate his constitutional rights.

### E. Plaintiff's Requested Remedies

Plaintiff seeks damages and the expungement of a rules violation report (RVR) issued against him. (Doc. 21 at 16.) Plaintiff states that the "RVR resulted in loss of good time credit." (*Id.* at 14.)

A prisoner may not seek expungement of an RVR or the restoration of good-time credits under section 1983 if it would "necessarily render invalid a[n] … administrative sanction that affect[s] the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, … his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  If expungement of Plaintiff's RVR would necessarily affect the length of his imprisonment, he may not seek such relief under section 1983 until the disciplinary conviction has been invalidated by a state court or a federal writ of *habeas corpus*. *See Ramirez*, 334 F.3d at 856; *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). Because it is unclear from the complaint whether expungement of Plaintiff's RVR would necessarily affect the length of his confinement, the Court declines to address the matter at this time.

### V.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, Plaintiff's second amended complaint states cognizable claims of deliberate indifference against Defendants Woodward and Lopez as well as cognizable claims of excessive force and retaliation against Defendant Woodward. Plaintiff's remaining claims are not cognizable. Given that Plaintiff has received two opportunities to amend his pleading, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Accordingly, the Court RECOMMENDS that:

   1. Defendants Preez, Villareal, Burnes, Harris, Sellers, Ceballos, Campbell, Perez, Clesmiak, Diaz, and John Doe be DISMISSED, and
   2. The claims in this action be DISMISSED, except:

  (a) the claims of deliberate indifference to serious medical needs against Defendants Woodward and Lopez; and

  (b) the claims of excessive force and retaliation against Defendant Woodward, pursuant to 42 U.S.C. § 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 22, 2021**      /s/ *Sheila K. Oberto*
                  UNITED STATES MAGISTRATE JUDGE