UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BROWN,<br><br>               Plaintiff,<br><br>     v.<br><br>D. WOODWARD, et al.,<br><br>               Defendants. | Case No. 1:19-cv-00626-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR A FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE** |

Plaintiff James Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

### I.     RELEVANT BACKGROUND

On January 7, 2022, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Doc. 42.) Pursuant to Local Rule 230(l), Plaintiff had 21 days to file an opposition or a statement of non-opposition to the motion, and failed to do so.[1]

A docket entry dated March 3, 2022, reveals mail sent to Plaintiff at his address on file with this Court—Kern Valley State Prison, P.O. Box 5101, Delano CA 93216—was returned by

---

[1] Following the filing of Defendants' motion for summary judgment, on January 28, 2022, Plaintiff filed a Motion to Compel regarding his First Set of Interrogatories (Doc. 43) and a Notice of Interlocutory Appeal (Doc. 44). Plaintiff also filed a Motion to Compel regarding his First Set of Requests for Production of Documents on January 31, 2022. (Doc. 47.) None of these filings serve as an opposition to Defendants' motion for summary judgment. Plaintiff's appeal was dismissed by the Ninth Circuit Court of Appeals on February 23, 2022. (*See* Docs. 52, 53.)

the United States Postal Service marked "Undeliverable, Return to Sender, Hold Time Expired." The returned item was this Court's Order issued December 14, 2021 (*see* Doc. 41 [Order Granting Defendants' Motion to Modify Discovery and Scheduling Order]). According to the Court's docket entry, Plaintiff's address change was due no later than May 12, 2022. (*Id*.)

On April 7, 2022, the Court issued an Order to Show Cause (OSC) why the action should not be dismissed for Plaintiff's failure to prosecute. (Doc. 54.) Plaintiff was given 21 days within which to respond in writing, or, alternatively, to file an opposition or statement of non-opposition to Defendants' motion for summary judgment. (*Id*. at 2.)  More than 21 days have passed, and Plaintiff has neither responded to the OSC, nor filed an opposition or statement of non-opposition.

A docket entry dated April 25, 2022, indicates mail sent to Plaintiff at his address on file with this Court was returned by the United States Postal Service marked "Undeliverable, Unable to Forward." The returned item was a notice issued January 28, 2022, indicating Plaintiff's appeal had been processed to the Ninth Circuit Court of Appeals (*see* Doc. 45).

Finally, a docket entry dated May 10, 2022, reveals mail sent to Plaintiff at his address on file with this Court was returned by the United States Postal Service marked "Undeliverable, Return to Sender, Out to Court 11/23/21." The returned item was the Court's Order issued February 18, 2022 (*see* Doc. 51 (Order Granting Defendants' Motion to Modify Discovery and Scheduling Order)).

**II.    DISCUSSION**

Plaintiff has failed to: (1) file an opposition or statement of non-opposition to Defendants' motion for summary judgment; (2) respond in writing to the Court's OSC; and (3) update the Court concerning his change of address. For the reasons set forth below, the undersigned will recommend this action be dismissed for Plaintiff's failure to prosecute and failure to obey court orders.

**A.  Applicable Standards**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for

the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.

### B. Analysis

Plaintiff's address change was due no later than May 12, 2022. As of today's date, Plaintiff has failed to file a notice of change of address or otherwise contact the Court. Eighty two days have elapsed since mail directed to Plaintiff was returned to the Court on March 3, 2022, marked undeliverable. Plaintiff has failed to comply with this Court's Local Rules.

Turning to whether this Court should dismiss the action given Plaintiff's failure to file a notice of change of address and failure to respond to this Court's OSC, the expeditious resolution

3

of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Henderson*, 779 F.2d at 1423; *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1227 (9th Cir. 2006). Here, three items served on Plaintiff have been returned by the postal service marked as undeliverable. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. Thus, the first and second factors weight in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants' summary judgment motion has been pending more than four months and Plaintiff has failed to respond in any way.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. Plaintiff has not moved this case forward. He has instead failed to respond to Defendants' summary judgment motion, failed to respond to the Court's OSC, and failed to file a notice of change of address. *In re PPA*, 460 F.3d at 1228.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's April 7, 2022, OSC expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation that the action be dismissed with prejudice for a failure to prosecute. (*See* Doc. 54 at 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

### III.   RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that this action be DISMISSED for Plaintiff's failure to prosecute and failure to obey court orders.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 25, 2022**               /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE